Trenton R. Kashima (SBN 291405)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
401 West Broadway, Suite 1760
San Diego, CA 91942
Telephone: (212) 946-9389
Email: tkashima@milberg.com

Gary M. Klinger *(admitted pro hac vice)*
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: 866.252.0878
Email: gklinger@milberg.com

*Attorneys for Plaintiff*
*and the Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALAN LEVINSON**, individually, and on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**INTUIT, INC**. and **ROCKET SCIENCE GROUP, LLC** d/b/a Mailchimp, a Georgia Limited Liability Company,<br><br>Defendants. | Case No: 3:22-cv-02477-VC<br><br>**REQUEST FOR DISMISSAL WITH PREJUDICE** |

TO THE CLERK OF THE NORTHERN DISTRICT OF CALIFORNIA AND ALL COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** Plaintiff Alan Levinson, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), notices the dismissal of their Class Action

Complaint against Defendants Intuit, Inc. and Rocket Science Group, LLC d/b/a Mailchimp, a Georgia Limited Liability Company, with prejudice as to Plaintiffs' individual claims, but without prejudicing any claims of absent putative class members.

Dismissal is proper under Rule 41(a)(1)(A)(i), as Defendant has not served its answer or a motion for summary judgment in this action.

A class has not been certified in this action; thus, this voluntary dismissal does not implicate the requirements of Rule 23(e). FED. R. CIV. P. 23(e) ("The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."); Committee Notes on Rule 23 – 2003 Amendment ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.").

Additionally, pursuant to the Court's Chamber Rules, the dismissal would not prejudice the absent putative Class Members. Under the standard cited by the Chambers Rules, the Court must assess potential prejudice to the putative class members from: (1) "possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances"; (2) "lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations"; and (3) "any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Dunn v. Tchrs. Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016) *citing Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989).

Here, there is no evidence the case has been widely publicized (at least outside the normal media associated with the filing of any lawsuit) or that any putative class members are relying on this action. *Mahan v. Trex Co.*, No. 5:09-CV-00670 JF PVT, 2010 WL 4916417, at *3 (N.D. Cal. Nov. 22, 2010) ("With respect to 'reliance' on the part of absent putative class members, '[t]he danger of reliance is ... generally limited to actions that would be considered of sufficient public interest to warrant news coverage of either the public or trade-oriented variety [, and such reliance] can occur only on the part of those persons learning of the action who are sophisticated enough in the ways of the law to understand the significance of the class action allegation.'"). Additionally, it should be noted that damages at issue are not so small that an individual would necessarily rely on a class action to resolve their claims. *Lil' Man in Boat, Inc. v. City & Cnty. of San Francisco*, No. 17-CV-00904-JST, 2019 WL 125905, at *5 (N.D. Cal. Jan. 8, 2019) ("For instance, Commodore Dining paid more than $160,000 in fees during the class period. ECF No. 53 at 3. This is not a case where a class action is necessary because 'only a lunatic or a fanatic sues for $30.'") *citing Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004). As noted in the Complaint, the valve of Plaintiff Levinson's cryptocurrency that was allegedly stolen due to the data breach was approximately $82,000. *See* Plaintiffs' Complaint ("Compl."), ECF No., 1, at ¶ 6. Accordingly, putative class members have a strong incentive to bring their claims absent this action.

Additionally, the data breach and resulting phishing scheme that is described within the Complaint occurred in early April 2022. *Id.*, at ¶ 2. Accordingly, putative class members have approximately a year and a half to bring tort-based claims and three and a half years to bring any contract-based claims. *See* Cal. Code of Civ. Proc. §§ 335.1, 337(a). Additionally, these claims may be subject to equitable tolling since the date this putative class action complaint was filed. *See*

*American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 559 (1974); *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985). There is sufficient time to bring an action, if necessary. *See Dunn,* 2016 WL 153266, at *7.

Finally, Plaintiff has not made any concessions of the class interests. As noted above, the dismissal will only prejudice the rights of the named Plaintiff. Absent class members will maintain their legal rights. Additionally, data breach cases are known for their difficult in certifying. As one California federal court noted in denying certification:

> [W]hether each class member's personal information was actually exposed; whether each class member actually suffered from identity theft after the hard drive was stolen; whether this identity theft is traceable to the stolen hard drive; whether the class member previously took measures to protect their personal information from such identity theft; when and whether each class member enrolled in the credit and identity protection services offered by Defendant; and whether each class member relied on Defendant's representations regarding circumstances surrounding the security breach and the procedures in place to safeguard his or her personal information.

*Gardner v. Health Net, Inc.*, No. CV 10–2140 PA, 2010 WL 11579028, at *4 (C.D. Cal. Sept. 13, 2010). Accordingly, Plaintiff's dismissal

should not be seen as the result of any potentially self-interested action. *Tombline v. Wells Fargo Bank, N.A.*, No. 13-CV-04567-JD, 2014 WL 5140048, at *3 (N.D. Cal. Oct. 10, 2014) (noting when the dismissal "does not prevent putative class members from pursuing claims, they are not likely, as a general matter, to be prejudiced.").

Therefore, pursuant to Rule 41(a)(1)(A)(i), Plaintiffs may notice dismissal of this case, without leave of the Court.

Dated: October 27, 2022            Respectfully submitted,

*/s/ Gary M. Klinger*
Gary M. Klinger *(admitted PHV)*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: 866.252.0878
Email: gklinger@milberg.com

Trenton R. Kashima (SBN 291405)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
401 West Broadway, Suite 1760
San Diego, CA 91942
Telephone: (212) 946-9389
Email: tkashima@milberg.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of October, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Gary M. Klinger*
Gary M. Klinger

REQUEST FOR DISMISSAL WITH PREJUDICE